**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Allen Zito and Elizabeth Zito,<br><br>Plaintiffs,<br><br>v.<br><br>Blue Castle (Cayman) Ltd.,<br><br>Defendant. | No. CV-22-08233-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Blue Castle (Cayman) Ltd.'s ("Defendant") Motion to Alter or Amend Judgment (Doc. 95). Michael Zito and Elizabeth Zito (collectively, "Plaintiffs") filed duplicative responses (Docs. 107, 108), to which Defendant replied (Doc. 110). Oral argument was held on the Motion on October 15, 2024. After reviewing the Parties' briefing and the relevant case law, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

The factual findings of this case were set forth in this Court's Order following a bench trial (Doc. 88). The Court will, however, repeat those findings here.

Plaintiffs Michael and Elizabeth Zito are owners of the real property, known as 415 Coronado Trail, Sedona, Arizona. On November 7, 2007, Plaintiffs took out a loan in the amount of $855,000 from Countrywide Bank, FSB. Defendant currently holds this loan. To secure the loan, Plaintiffs granted a Deed of Trust to Fidelity National Title Insurance Co. as trustee. The Deed of Trust was recorded on November 19, 2007, in the official records of Coconino County as instrument number 3466302. This Deed of Trust contained a section stating that "any amounts" disbursed by the lender become part of the debt. The

Deed further states that "these amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment." Both Plaintiffs signed this document. Accordingly, fees, costs, and charges become part of the principal.

After a Notice of Trustee's Sale of the property was recorded, Plaintiffs filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Arizona on October 13, 2009. That case number is 3:09-BK-25681. In Plaintiffs' Chapter 11 Bankruptcy Schedule D, the Loan and Deed of Trust were identified and listed. On January 15, 2010, Defendant's predecessor filed Proof of Claim number 16 in the Plaintiffs' Chapter 11 case, asserting a total secured claim of $906,486.81 and prepetition arrearage of $60,923.53. On February 2, 2012, the Bankruptcy Court confirmed Plaintiffs' Chapter 11 Plan. Defendant's predecessor's claim was categorized as Class 2 unimpaired to be paid outside the plan. On October 9, 2012, the Bankruptcy Court entered the final decree. However, on August 16, 2013, Plaintiffs moved to reopen the case, claiming they failed to schedule another creditor and sought to determine the value of their claim. The bankruptcy was therefore reopened on September 13, 2013.

Plaintiffs also had a Home Equity Line of Credit ("HELOC") for $157,705 that they were required to pay off during the bankruptcy, which they did. Shortly after the payoff, that HELOC was forgiven pursuant to a settlement between the bank and attorney general. Plaintiffs made numerous requests to get that money back. On or around June 25, 2013, Plaintiffs obtained a loan modification. This modification acknowledged and accounted for the $157,705 that Plaintiffs paid on the HELOC. The loan modification also forgave an additional $329,851.18 of principal. Immediately thereafter, Plaintiffs stopped making regular payments on the loan which was due for the September 2013 installment payment. Accordingly, the default date was September 1, 2013. The dispute between Plaintiffs and the other creditor about the contested claim kept the Plaintiffs' Chapter 11 bankruptcy case open until the Bankruptcy Court dismissed it on February 13, 2020. On March 11, 2022, Plaintiffs sent a "Notice of Dispute of Debt" to their loan servicer, FCI Lender Services,

Inc. ("FCI"). The letter disputed the amount FCI claimed they were owed. However, this letter primarily sought an accounting of what happened to the $157,705 that was previously forgiven as part of the loan modification. On May 25, 2022, Plaintiffs sent another letter to FCI. This letter reiterated Plaintiffs' desire for an accounting regarding the $157,705 amount.

On September 6, 2022, Defendant filed Notice of Trustee's Sale in the official records of Coconino County as instrument number 3958947. The Notice set a sale date of December 12, 2022. On this sale date, Plaintiffs filed a bankruptcy petition under Chapter 13 as case number 3:22-BK-08203. Plaintiffs resumed making payments on the loan in January 2023 and continued to through July 2024.

The Court held a bench trial in this matter on July 30 and August 1, 2024. The relevant Bankruptcy plan confirmation order stated that "the United States District Court is permitted to rule, in case 3:22-CV-08233-SMB, on the statute of limitations issue and all other issues before it in that case." (Doc 44-2 at 18.) At trial, there were two issues in contention: (1) whether the loan was accelerated, and (2) whether the relevant statute of limitations bars the collection of any portion of the debt, and if so, what amount. (*See* Doc. 78.) After the close of Plaintiffs' case, the Court granted Defendant's Federal Rule of Civil Procedure 52(c) Motion on the first issue, finding that no acceleration of the loan occurred. During closing statements, both parties agreed that only the second issue remains.

Thereafter, the Court issued an Order finding that the statute of limitations barred collection of the payments owed from September 2013 through March 2016. (Doc. 88 at 5–6.) Now Defendant moves under Rule 59(e) to amend the judgment to reflect that Arizona law allows collection of all payments. (Doc. 95.)

**II.   LEGAL STANDARD**

Within twenty-eight days after judgment is entered, a party may move "to alter or amend a judgment" under Rule 59(e). Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d 1253,

1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (cleaned up).  Caselaw generally recognizes that a Rule 59(e) motion may be granted in four circumstances: when necessary (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.  *Allstate Ins. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  Rule 59(e) may not, however, "be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment."  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); *see also Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (noting that Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources"(internal quotation omitted)); *Tate v. Acting Comm'r of Soc. Sec. Admin.*, No. CV-19-00276-PHX-ESW, 2019 WL 6050260, at *1 (D. Ariz. Nov. 15, 2019) ("A Rule 59(e) 'motion is not a substitute for appeal and does not allow the unhappy litigant to reargue the case.'" (citation omitted)).

## III. DISCUSSION

Defendant seeks to amend the Court's judgment "to correct a manifest error of law." (Doc. 95 at 3.)  Specifically, Defendant argues that, instead of tolling the statute of limitations, acknowledgment of a debt under Arizona law completely removes the time bar—rendering all payments collectible.  (*Id.*)  As a result, Defendant asks the Court to reduce the outstanding arrears on Plaintiffs by $56,148,60 and allow collection of a portion of Plaintiffs' debt previously determined to be stale.  (*Id.*)

Plaintiffs argue that Defendant failed to show the acknowledgement of the debt satisfied the requirements in *Freeman v. Wilson*, 485 P.2d 1161 (Ariz. 1971).  (Doc. 108 at 8.)  Consequently, Plaintiffs contend that the debt was not legally acknowledged, and therefore the time bar on the statute of limitations could not be removed pursuant to Arizona Revised Statute ("A.R.S.") § 12-508.  (*Id.* at 108.)

### 1. Relitigating Issues

As an initial matter, the Court addresses Plaintiffs' attempt to relitigate issues from

- 4 -

trial. Plaintiffs dispute the Court's factual findings in its post-trial Order in their Response to Defendant's Motion. (*See* Doc. 108.) It is settled law that Rule 59(e) may not "be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co.*, 554 U.S. at 485 n.5 (citation omitted). As this Court previously explained "[f]or an acknowledgment of an indebtedness to effectively remove the bar of the limitation's period the acknowledgment must be in writing; it must be signed by the party to be charged; it must sufficiently identify the obligation referred to, though it need not specify the exact amount or nature of the debt; it must contain a promise, express or implied, to pay the indebtedness; and it must contain, directly or impliedly, an expression by the debtor of the 'justness' of the debt." (Doc. 88 at 4 (quoting *Freeman*, 485 P.2d at 1165–66).) Analyzing those requirements, the Court found that Plaintiffs' letters acknowledged the debt. (Doc. 88 at 4.) Thus, Plaintiffs attempt to reignite controversy concerning acknowledgement is unavailing. If Plaintiffs take issue with the Court's finding, the appropriate avenue is an appeal. *See Tate*, 2019 WL 6050260, at *1; *Kona Enterprises*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

### 2. Manifest Error of Law

Defendant asserts that the Court made a manifest error of law when it construed Arizona's acknowledgement of debt doctrine as a tolling device for the statute of limitations. (Doc. 95 at 3.) Defendant's position is that, under Arizona law, debt acknowledgment nullifies the statute of limitations such that the entirety of the outstanding debt may be collected. (*Id.*) To support that argument, Defendant relies on *Freeman* and *Thomas v. Shields*, No. CV-22-00257-TUC-JCH, 2022 WL 16745335, *1 (D. Ariz. Nov. 7, 2022). (Doc. 95 at 5.)

In *Freeman*, the court held that "[e]vidence presented, in the form of letters written by [the borrower], was sufficient to remove the limitation's bar and to revive [the lender's] action on the promissory notes." 485 P.2d at 1163. There, a borrower executed two

promissory notes with a lender in 1958. *Id.* Thereafter, payments on the note became intermittent before outright ceasing. *Id.* In desperation for repayment, the lender hired an attorney who corresponded with the borrower regarding the debt. *Id.* at 1165. In a letter posted to the lender's attorney, the borrower acknowledged that he owed the "Freeman money" to the lender. *Id.* The court described the borrower's acknowledgement of the debt as having "reviv[ed] an action which has been barred by a statute of limitations," thereby allowing the lender to collect on the entire amount the borrower had not yet repaid. *Id.* In *Thomas v. Shields*, the Court relied on *Freeman* to find that a 2015 modification agreement on an installment loan executed in 2006 was an acknowledgement of debt that revived a time barred claim under § 12-508. 2022 WL 16745335, at *1. There, the Court recognized that the acknowledgement revived the barred claim and allowed the note holder to collect on the entirety of the outstanding debt, subject to the terms of the modification agreement. *Id.* at *4.

The Court agrees with Defendant's interpretations of *Freeman* and *Shields*. *Freeman*, although not directly addressing tolling versus nullifying, established that a written acknowledgement of a debt allows a party to collect on the entirety of an otherwise stale debt. *See* 485 P.2d at 1163. This principal is demonstrated in *Thomas*, where the Court applied *Freeman* to allow a note holder to collect on the unpaid amount of a debt that would have been barred for nearly a decade. *Thomas*, 2022 WL 1675335, *5. The Court believes that Arizona law dictates a similar result. As applied to this case, Plaintiffs' acknowledgment of the debt in March 2022 would lift the statutory bar on the outstanding amount Plaintiffs owe.

Defendant also questions the Court's reliance on *Steinberger v. Ocwen Loan Servicing, LLC*, 739 Fed. App'x 881 (9th Cir. 2018) (unpublished) for the proposition that § 12-508 acts as a tolling device rather than a complete removal of the statutory bar to sue. In *Steinberger*, a borrower's home loan was accelerated on February 17, 2009. 739 Fed. App'x at 883. More than six years later, the bank holding the loan brought a judicial foreclosure action against the borrower. *Id.* The bank argued that the statute of limitations

was tolled when the borrower acknowledged the debt at a time after the execution of the mortgage. *Id.* The Ninth Circuit agreed with the bank, holding that the "[borrower's] written acknowledgement of the debt . . . tolled the six-year statute of limitations." *Id.*

In *Steinberger*, the court relied on Arizona case law that is wholly inapposite for determining whether debt acknowledgment acts as a tolling device. *See id.* (citing *Andra R Miller Designs LLC v. US Bank NA*, 418 P.3d 1038, 1044 n.3 (Ariz. Ct. App. 2018) (noting that "[p]arties may also negotiate a modification or a forbearance agreement or the debtor may reinstate the loan by curing defaults pursuant to A.R.S. § 33–813(A) and (B)")). And, although the *Steinberger* court cites *Freeman*, it is only relied upon to set forth the requirements of debt acknowledgement. *See id.* The court does not otherwise engage in a meaningful analysis of *Freeman*, § 12-508, or the distinction between actions that toll or nullify the statute of limitations. Without more, it is improper to conclude that, under *Steinberger*, debt acknowledgment is a tolling device. Therefore, the Court abjures its prior reliance on *Steinberger*.

Ultimately, under Arizona law, Plaintiffs' March 2022 debt acknowledgment allows Defendant to collect on the outstanding amount of the debt, even those payments between September 2013 to March 2016 that this Court previously determined to be stale. (Doc. 88.)

### IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting Defendant's Motion to Amend Judgment (Doc. 95).

**IT IS FURTHER ORDERED** amending the Court's Order (Doc. 88) to reflect that Plaintiffs' debt acknowledgment allows Defendant to collect on the entire outstanding debt.

**IT IS FURTHER ORDERED** that the Clerk of Court provide notice of this Order to the United States Bankruptcy Court for this District of Arizona, as it pertains to Bankruptcy case 3:22-BK-08203-DPC.

**IT IS FURTHER ORDERED** that the Clerk of Court re-open the case in order to

enter Judgment in favor of Defendant.  The clerk of Court should then terminate this case.

Dated this 15th day of October, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge

- 8 -